UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIO NEIL RONDON CARDENAS,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; and JEREMY CASEY, Warden at Imperial Regional Detention Center,

Respondents.

Case No.: 26-cv-5096-BJC-JAC

**ORDER GRANTING AMENDED HABEAS PETITION UNDER 28 U.S.C. § 2241**

**[ECF No. 5]**

Before the Court is Petitioner Julio Neil Rondon Cardenas's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 5. Petitioner initiated this action on September 8, 2026. ECF No. 1. Petitioner filed his Amended Petition on September 21, 2026, to which Respondents filed a response on September 28, 2026. ECF Nos. 5; 6. Petitioner filed a traverse on September 30, 2026. ECF Nos. 9. For the reasons set forth below, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela. ECF No. 5 at 2. Seeking asylum, Petitioner entered the United States in December 2021. *Id.* Petitioner was detained upon entry but was released on parole after spending twelve days in detention. *Id.*

Petitioner began living in Florida and submitted applications to United States Citizenship and Immigration Services ("USCIS") for Temporary Protected Status and asylum. *Id.* Petitioner received a work permit and a Social Security number. *Id.* He received Temporary Protected Status on May 21, 2024. *Id.* Petitioner attended all required check-in appointments, and he has no criminal history. *Id.* at 2–3.

ICE officers arrested Petitioner on July 31, 2026. *Id.* at 3. The officers did not provide him with prior notice that DHS was revoking his release or an opportunity to contest whether his re-detention was warranted. *Id.*

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a). ECF No. 6 at 2. As such, he is "able to request a bond hearing before an immigration judge." *Id.* Respondents provide that a bond hearing was requested but not yet scheduled. *Id.* Respondents contend that because Petitioner is entitled to a bond hearing, and that hearing was already requested, the Petition should be denied as moot or dismissed on exhaustion grounds. *Id.*

Petitioner argues that he is entitled to release because the government violated his due process rights by revoking his parole without notice or an opportunity to be heard. ECF No. 5 at 2. Petitioner also argues he was unlawfully arrested without a valid arrest warrant. *Id.* at 7–10.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a

district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

## III. DISCUSSION

### A. Mootness and Exhaustion

Respondents contend that Petitioner is detained under 8 U.S.C. § 1226(a) and is only entitled to a bond hearing—rendering his other constitutional claims moot. ECF No. 6 at 2–3. Respondents also argue the Petition should be denied on exhaustion grounds. *Id.* The Court disagrees.

As to mootness, "[t]he party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (quoting *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)); *Castaneda v. Lyons*, No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026). "The mere fact that a bond hearing *can be* scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time." *Perez v. Blanche*, No. 3:26-CV-05725-LEK-JLB, 2026 WL 3182369, at *3 (S.D. Cal. Oct. 22, 2026).

Here, although the bond hearing was requested, it has not yet been scheduled. Thus, the Court finds that Respondents fail to meet their burden in establishing that the Petition is moot.

As to exhaustion:

> While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion

> if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* at 1000 (internal quotations and citations omitted).

*Miguel Pedro v. Mullin*, Case No. 5:26-cv-04303-MBK, 2026 WL 2677303, at *4 (C.D. Cal. Sept. 11, 2026).

Here, the record indicates that Petitioner has not yet received a bond hearing. *See* ECF No. 6 at 2. While Respondents correctly note that Petitioner may seek a Section 1226(a) bond hearing before an immigration judge, *see id.*, this Court concludes that administrative remedies would be inadequate and futile. *See Cardenas v. Giles*, Case No. 8:26-cv-02322-ACCV, 2026 WL 2722730, at *2 (C.D. Cal. Sept. 14, 2026) (concluding that administrative remedies would be inadequate and futile because "a post-deprivation bond hearing would not address the propriety of Petitioner's claim that [she] was not afforded constitutionally adequate procedural safeguards prior to the deprivation of h[er] liberty interest") (alterations in original) (citation omitted); *Zhou v. Janec[k]a*, Case No. 5:26-cv-04167-DTB, 2026 WL 2365550, at *4 n.4 (C.D. Cal. Aug. 14, 2026) ("Constitutional claims are generally excepted from the exhaustion requirement because neither immigration judges nor the BIA are permitted to consider constitutional challenges to the statutes they administer.") (citing *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013)). Therefore, this Court waives any prudential exhaustion requirement as to Petitioner's due process claims. Respondents' request to deny the Petition on exhaustion grounds is denied.

**B. Due Process**

Petitioner argues that the summary revocation of his parole without justification or consideration of his individualized circumstances violates the Due Process Clause of the Fifth Amendment. ECF No. 5 at 5–7. The Court agrees.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. 22-cv-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Upon arrival, Petitioner was determined to not be a danger to the community or a flight risk and was released on parole. ECF No. 5 at 2. Petitioner has complied with all conditions of his release and has attended all required ICE check-ins and court hearings. *Id.* at 3. Petitioner has work authorization, has lived in the community without issue for

five years, was previously granted Temporary Protected Status, and has applied for asylum. *Id.* at 2–3. The relief Petitioner is entitled to is not limited to a bond hearing; Petitioner has a protected liberty interest in remaining out of custody. *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1034 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Matute v. Wofford*, 807 F. Supp. 3d 1120, 1129 (E.D. Cal. Oct. 3, 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors. *See Matthews*, 424 U.S. at 335. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support a finding that the Government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his conditional parole. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."

*Zadvydas*, 533 U.S. at 690. Petitioner has an interest in remaining out of custody and continuing the process of seeking asylum. *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without providing him a reason for revocation or giving him an opportunity to be heard. ECF No. 5 at 3. DHS initially determined that Petitioner should be paroled because he posed no danger to the community and was not a flight risk. There is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1760 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Petitioner has no criminal record, has not been arrested or otherwise been in criminal trouble, has authorization to work in the United States. ECF No. 5 at 2–3. "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." *Saravia*, 280 F. Supp. 3d at 1760. "Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk . . . ." *Id.*

Respondents, failing to address Petitioner's Due Process argument in their response, do not point to any material circumstances that have changed that would warrant reconsideration of Petitioner's parole. *See generally* ECF No. 6. "Where, as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, 803 F. Supp. 1035, 1047 (E.D. Cal. 2025)).

Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Pinchi*, 2025 WL 2084921, at *5; *Matute*, 807 F. Supp. 3d at 1129, 1130 (E.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take

steps toward doing so; but its interest in doing so without a hearing is low.”). Respondents fail to point to any burdens on the Government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* ECF No. 5.

Therefore, because Respondents detained Petitioner by revoking his parole in violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Sanchez v. LaRose*, No. 25-cv-2396-JES-MMP, 2025 WL 2770629, at *4–5 (S.D. Cal. Sept. 26, 2025) (granting a petition for writ of habeas corpus on due process grounds and releasing petitioner from custody subject to the conditions of her preexisting parole); *Velasquez v. Noem*, No. 26-cv-0746-BJC-MMP, 2026 WL 1005077, at *3 (S.D. Cal. Apr. 14, 2026) (same). Accordingly, the Petition is **GRANTED** and immediate release in the appropriate remedy.

**C. Warrantless Arrest**

Finally, Petitioner argues he was unlawfully arrested without a warrant. ECF No. 5 at 7–10. Respondents do not address this argument in their response. *See generally* ECF No. 6. The Court finds Petitioner’s warrantless arrest provides an additional basis for granting the Amended Petition.

“Section 1226(a) ‘sets out the general rule’ for ‘the arrest, detention, and release’ of ‘[noncitizens] present in the country’ ‘who are believed to be subject to removal.’” *Orea Ruiz v. Acting Warden, Adelanto Det. Ctr.*, No. 5:26-CV-04807-MBK, 2026 WL 2644102, at *3 (quoting *Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, *inter alia*: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain immigration officers, *see* 8 C.F.R. § 236.1(b);[1] (2) an initial custody determination by a Department of Homeland Security (“DHS”) officer shortly after the outset of detention, in

[1] For a DHS officer to conduct a warrantless arrest, they must have “probable cause to believe a person is subject to removal and ‘is likely to escape before a warrant can be obtained for his arrest.’” *Orea Ruiz*, 2026 WL 2644102, at *3 (quoting 8 U.S.C. § 1357(a)(2)).

which the noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an Immigration Judge based on individualized evidence, wherein the Immigration Judge will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse Immigration Judge bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

Here, it is undisputed that Respondents did not comply with § 1226(a)'s requirements. Thus, Petitioner's detention has been "unlawful from the outset." *Orea Ruiz*, 2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondent failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

## IV. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. The Amended Petition for Writ of Habeas Corpus is **GRANTED**.

2. Respondents must immediately release Petitioner from custody, subject to the same terms and conditions on which he was previously released in 2021.

1. Respondents are **ENJOINED AND RESTRAINED** from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show materially changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. *See Maria S.M. v. Chestnut*, No. 26-CV-03777-TLN-AC, 2026 WL 1480390, at *4 (E.D. Cal. May 27, 2026).

2. As this concludes the litigation in this case, the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Dated: November 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge